UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  9:15-cv-141 (DNH/TWD)

KASHIF McDONALD,

            Plaintiff,                        COMPLAINT AND
                                                JURY TRIAL DEMAND

      - against –

CAPTAIN T. ZERNIAK,
SUPERINTENDENT DAVID ROCK and
ALBERT PRACK,

           Defendants.

-----------------------------------------------------------X

        Plaintiff, KASHIF McDONALD, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

        1.      This is a civil action, seeking compensatory damages and attorney's fees.

        2.      This action is brought pursuant to U.S.C. §§1983 and 1988 and the eighth and fourteenth amendments to the Constitution of the United States.

        3.      Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

        4.      Venue is properly alleged in the Northern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

        5.      Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, KASHIF McDONALD, was and is a natural person. He is presently resident at Wende Correctional Facility in the County of Erie, State of New York.

7. At all times relevant hereto, defendant CAPTAIN T. ZERNIAK (hereinafter "ZERNIAK") was and is a natural person, employed by the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") as a captain at Upstate Correctional Facility.

8. At all times relevant hereto, defendant SUPERINTENDENT DAVID ROCK (hereinafter "ROCK") was and is a natural person, employed by DOCCS as superintendent of Upstate Correctional Facility.

9. At all times relevant hereto, defendant ALBERT PRACK (hereinafter "PRACK") was and is a natural person, employed by DOCCS as Director, Special Housing/Inmate Disciplinary Program.

10. The defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION
### (42 U.S.C. §1983)

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" hereinabove as if more fully set forth at length herein.

12. On or about February 10, 2012, and for a period of time prior thereto, plaintiff was an inmate at Elmira Correctional Facility, a prison operated by DOCCS.

13. On the aforementioned date, plaintiff was accused of having assaulted and injured another inmate.

14. On that date, as a result of the aforementioned accusation, plaintiff was placed in the Special Housing Unit (hereinafter "SHU").

15. On February 14, 2012, plaintiff was served with a misbehavior report regarding the aforementioned accusation.

16. On February 17, 2012, a hearing was held on the allegations of the aforementioned misbehavior report.

17. On February 27, 2012, plaintiff was found guilty of the charge contained in the aforementioned misbehavior report.

18. Plaintiff administratively appealed the finding on the charge against him.

19. Prior to the decision on plaintiff's administrative appeal, he was transferred to Upstate Correctional Facility, which is located in the County of Clinton, State of New York.

20. Plaintiff's appeal was granted on May 3, 2012, and a rehearing on the charge was ordered.

21. On or about May 5, 2012, plaintiff was served with a new misbehavior report, which, in sum and substance, reiterated the charge contained in the original misbehavior report.

22. The rehearing that plaintiff had been granted was held on May 24, 2012, and was conducted by defendant ZERNIAK.

23. On or about May 24, 2012, defendant ZERNIAK found plaintiff guilty of the charge against him.

24. Defendant ROCK adopted the decision of defendant ZERNIAK.

25. Plaintiff once again filed an administrative appeal in accordance with the procedures of DOCCS.

26. On or about July 25, 2012, defendant PRACK informed plaintiff that defendant ZERNIAK's decision had been reviewed and affirmed by him as of that date.

27. Having exhausted all of his administrative remedies, plaintiff timely commenced a proceeding pursuant to New York CPLR Article 78 in Supreme Court, Albany County.

28. Supreme Court, Albany County issued an order transferring the Article 78 proceeding to the Appellate Division, Third Department.

29. On or about July 12, 2013, plaintiff was informed, by means of a letter from defendant PRACK, that defendant ZERNIAK's decision, as affirmed by defendant ROCK, had been reviewed and administratively reversed on July 12, 2013.

30. In a letter dated July 12, 2013, defendant PRACK informed the superintendent of Clinton Correctional Facility, where plaintiff was at that time confined, that the decision reached and upheld by defendants ZERNIAK, ROCK and PRACK had been reversed because the Office of the Attorney General of the State of New York had determined that the hearing record "fails to indicate that the hearing officer assessed the reliability and credibility of the confidential source."

31. The Attorney General informed the Appellate Division of the aforementioned administrative reversal of the finding against plaintiff and, as a result, on November 27, 2013, the court dismissed plaintiff's Article 78 petition as moot.

32. As a result of the original charge against him and the improper and illegal decisions of the defendants hereto, plaintiff was held in SHU from February 10, 2012, until March 7, 2013.

33. During the thirteen months he was confined in SHU, plaintiff suffered an atypical and significant hardship in relation to the ordinary incidents of prison life. Specifically, plaintiff was confined to cold cells, lost personal property, including legal papers; was deprived of proper food, opportunities for contact with his family, recreation, participation in programs, telephone and mail privileges, access to the law library, and other activities provided to and enjoyed by inmates in general population; and received inadequate medical care for a severe skin condition, all resulting in physical symptoms and illness and severe emotional stress and depression.

34. The denial of due process that plaintiff suffered as a result of the improper conduct of the disciplinary hearing held on May 24, 2012, directly resulted in the cruel and unusual punishment that plaintiff suffered by and while being confined to SHU until March 7, 2013.

35. Defendants ZERNIAK, ROCK and PRACK violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, and his right to be free of cruel and unusual punishments, guaranteed to him by the eighth amendment to the Constitution of the United States, in that, acting under color of state law, they conducted, and ratified, the results of a hearing conducted improperly and unconstitutionally, in that defendant ZERNIAK failed and refused to assess the reliability and credibility of a confidential source, which resulted in a decision that was improperly, illegally and unconstitutionally upheld by

defendants ROCK and PRACK, and in that defendants ROCK and PRACK kept plaintiff confined under conditions, as described hereinabove, that were significantly different from and more punitive than, the conditions under which inmates in general population are confined.

36. Because of the aforementioned acts committed by defendants ZERNIAK, ROCK and PRACK, plaintiff suffered a deprivation of his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and suffered cruel and unusual punishments as prohibited by the eighth amendment to the Constitution of the United States and, as a result, suffered and continues to suffer serious and permanent physical and emotional injuries.

37. By reason of the unconstitutional and illegal actions taken against him by defendants ZERNIAK, ROCK and PRACK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove.

WHEREFORE, plaintiff, KASHIF McDONALD, demands judgment against defendants, CAPTAIN T. ZERNIAK, SUPERINTENDENT DAVID ROCK and ALBERT PRATT, in an amount sufficient to compensate him for his injuries as enumerated hereinabove.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       February 9, 2015

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2292
Bar Code No. 507859